UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**CHARLES N. MANN,**

       **Plaintiff,**

                                                                                                                            **Civil Action No. 5:20-cv-00316**

**v.**

**JEANNIE L. ADKINS,** *et al.***,**

       **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Plaintiff's "Application to Proceed *in Forma Pauperis* and Affidavit" filed on April 30, 2020. (ECF No. 1) By Standing Order entered on May 5, 2020, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined Plaintiff's Complaint (ECF No. 2) and "Exhibit A" (ECF No. 2-1), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* if the Court determines that the action fails to state a claim for which relief can be granted.

**FACTUAL BACKGROUND**

On April 30, 2020, Plaintiff, acting *pro se*, filed his Application to Proceed *in Forma Pauperis* and Affidavit, along with his Complaint and Exhibit A.[1] (ECF Nos. 1, 2, 2-1) In his Complaint, Plaintiff names the following as Defendants: (1) Jeannie L. Adkins "(AKA Big Momma)"; (2) Betty Adkins "(AKA, Baby, or Little Momma)"; (3) Carolyn Adkins; (4) Catheryn

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Adkins; (5) Bonnie Cook Adkins; and (6) "Harold Jr. Adkins Jr. & Spouse". Plaintiff appears to allege that these Defendants violated his civil rights by using racial epithets sometime during "2017 mid April to 2018 March 9th". (ECF No. 2) After Plaintiff's arrest in March 2018, "the defendant" wrote him letters[2] stating that "drug addicts" were coming into his home and stealing things, and "that her family was still using the n word to describe" him. (Id.) Plaintiff asserts that Defendants called him these names in front of others, and that he was "emotionally hurt by this sladerious [sic] and liberious [sic] language that is defamatory and was used as hate speech[.]" (Id.) Plaintiff alleges that he has suffered mental anguish, emotional damage, and pain and suffering as a result (Id.)

As relief, Plaintiff asks the Court to make Defendants take a cultural diversity class and "that an essay be done on the plight of [A]frican [A]mericans" and that Defendants pay "$100 each to me[.]" (Id.)

## THE STANDARD

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915A(a). See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim

---

[2] Plaintiff indicates that "letters of her admission of guilt and her family will be attached hereto", which are ostensibly Plaintiff's "Exhibit A". (ECF No. 2-1) This exhibit contains six pages of what appears to be selected, out of order, pages from an undated handwritten letter or letters, and with no clear author. The contents of these excerpts appear to indicate some theft, destruction of property, and does include racial epithets.

lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[3], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W.Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the

---

[3] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

"courts to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

**1.    Lack of Subject Matter Jurisdiction:**

As noted *supra*, Plaintiff names at least six individuals who he alleged violated his civil rights pursuant to 28 U.S.C. § 1983[4] by calling him racist names.

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).

As an initial matter, there simply is no evidence that the claims raised in Plaintiff's Complaint fulfill the requirements for federal question or diversity jurisdiction.

---

[4] Plaintiff also asserts this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201.

**2.      Section 1983 Only Applies to State Actors:**

With respect to the lack of subject matter jurisdiction, Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

The undersigned finds that none of the named Defendants are "state actors", as Plaintiff has alleged no facts indicating that any of them were acting under color of State law. Regardless of their alleged use of racial slurs against Plaintiff, this does not make them "state actors" for purposes of Section 1983. "[P]rivate citizen witnesses are not 'state actors' . . . under § 1983." Nelson v. Thornsbury, 2010 WL 1038509 (S.D.W. Va. Jan. 12, 2010). Thus, Plaintiff cannot pursue a Section 1983 claim against these Defendants.

**3.      Statute of Limitations**

It is well-known that a plaintiff must file a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, federal courts look to and apply their respective State's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County

Bd. of Ed., 649 F.2d 278 (4th Cir. 1981), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitation upon a plaintiff's right to file a defamation claim is one year from the time the cause of action accrued. See W. Va. Code § 55-2-12(c)[5]; see also, Horne v. Lightning Energy Services, LLC, 123 F.Supp.3d 830, 837-838 (N.D.W. Va. Aug. 12, 2015)(citing Garrison v. Herbert J. Thomas Mem'l Hosp. Ass'n, 438 S.E.2d 6, 13 (W. Va. 1993)).

Plaintiff alleges that the events that gave rise to his claim occurred between "2017 mid April to 2018 March 9th" (ECF No. 2) Plaintiff does not specifically identify which of the Defendants made the defamatory remarks, but appears to allege that all of them ostensibly defamed or slandered him during this period. Even assuming that the attached letters, "Exhibit A" (ECF No. 2-1), are ostensibly libelous, as Plaintiff has alleged are proof of Defendants' "admission of guilt", these letters are not only unsigned, but also undated. Because Plaintiff filed this action on April 30, 2020, his claims for defamation, slander, or libel are time-barred, which also merits dismissal of his claims with prejudice.

For the reasons stated herein, the undersigned respectfully recommends that Plaintiff's Application to Proceed *in Forma Pauperis* be denied and that his Complaint be dismissed with prejudice.

### **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and

---

[5] West Virginia Code § 55-2-12 provides as follows:
> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), **DISMISS** Plaintiff's Complaint (ECF No. 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

ENTERED: May 27, 2020.



Omar J. Aboulhosn
United States Magistrate Judge